UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| OWNERS ASSOCIATION OF LONGFELLOW RUN CONDOMINIUM, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation; DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS CONSUMER PROTECTION ACT VIOLATIONS AND DAMAGES<br><br>JURY DEMAND |

Plaintiff Owners Association of Longfellow Run Condominium ("Association") alleges as follows:

## I.   INTRODUCTION

1.1   This is an action for declaratory judgment and money damages seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association by Defendant Allstate Insurance Company ("Allstate"). The Association is seeking a ruling that Allstate's policies provide coverage for the hidden damage at the Longfellow Run Condominium complex and that Allstate is liable for money damages for the cost of investigating and repairing hidden damage at the Longfellow Run Condominium complex.

(B) Damages for breach of contract, bad faith, violations of the Consumer Protection Act ("CPA") and violations of the Insurance Fair Conduct Act ("IFCA").

(C) Attorneys' fees (including expert witness fees) and costs.

(D) Any other relief the Court deems just and equitable.

## II.   PARTIES AND INSURANCE CONTRACTS

2.1   <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Longfellow Run Condominium complex located at 8430 25th Ave SW Seattle, WA 98106. The Association consists of 26 buildings, 104 units.

2.2   <u>Allstate.</u>  Allstate is an Illinois domiciled insurer with its principal place of business in Northbrook, Illinois.  Allstate sold property insurance policies to the Association including Policy No. 050089163 in effect from 1985 to 1989. The Allstate policies identify the Longfellow Run condominium complex as covered property.

2.3   <u>Doe Insurance Companies 1-10.</u>  Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Longfellow Run Condominium complex as covered property.

2.4   <u>Longfellow Run Insurers</u>.   Allstate and Doe Insurance Companies 1-10 shall be collectively referred to as the "Longfellow Run Insurers."

2.5   <u>Longfellow Run Policies</u>. The policies issued to the Association by the Longfellow Run Insurers shall be collectively referred to as the "Longfellow Run Policies."

## III.   JURISDICTION AND VENUE

3.1   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. The Association's expert has determined that it will cost well over $75,000 to repair covered hidden damage at Longfellow Run.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Longfellow Run Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Allstate</u>.  The Association submitted a claim to Allstate in May, 2018 for hidden damage discovered by Soltner Group Architects ("SGA") as part of a limited intrusive investigation conducted by SGA in February, 2018. As part of its tender of claim, the Association asked Allstate to investigate for other hidden damage that may exist at Longfellow Run. The Association, Allstate, and the Association's historical insurers conducted a joint intrusive investigation in October, 2018 which revealed system wide damage.  Soltner's February, 2019 report following the joint intrusive investigation detailed that out of 11 openings made during the investigation, 8 (73%) had damaged framing. It was SGA's opinion that from the results of the joint intrusive investigation that:

> Water intrusion in the form of rainwater events, including wind driven rain (WDR), is the primary cause of the hidden water damage identified at Longfellow Run Condominium. The following secondary causal factors also contributed to the presence of hidden water damage. 1. Lack of adequate flashing; 2. Lack of sealant joints at building penetrations and openings; 3. Improper weather resistive barrier installation. The hidden damage at Longfellow Run Condominium has occurred incrementally and progressively each year from 1979 to the present.  It is expected that similar levels of damage would be found at other locations not investigated

4.3     On April 18, 2019, Allstate unreasonably denied the Association's claim. Allstate's grounds for denying coverage ignored relevant Washington case law that has interpreted the same policy provisions in Allstate's policy in favor of coverage.

4.4     <u>IFCA Letter to Allstate.</u> On May 15, 2019, the Association sent Allstate a notice pursuant to the Insurance Fair Conduct Act ("IFCA") asking Allstate to cure its unreasonable denial of the Association's claim. The Association requested that: (1) Allstate acknowledge among other things

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, CPA VIOLATIONS,
IFCA VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

that Allstate's policy covers damage to exterior sheathing and framing at Longfellow Run caused by rain and weather conditions; (2) water damage and incremental damage occurred during each Allstate policy period; and (3) that the Association provided timely notice of the loss to Allstate. The Association made clear to Allstate that it was especially improper that its adjuster Jaclyn Groff asked Allstate's expert Ed Huston to change his opinions regarding timing of damage at Longfellow Run in order to support Allstate's denial of the Association's claim. Allstate responded to the Association's IFCA letter on May 30, 2019 by doubling down on it unreasonable positions and refusing to correct its unreasonable denial letter and accept coverage.

## V.   FIRST CLAIM AGAINST LONGFELLOW RUN INSURERS FOR DECLARATORY RELIEF THAT THE LONGFELLOW RUN POLICIES PROVIDE COVERAGE

5.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2   <u>Declaratory Relief</u>. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

   a.   The Longfellow Run Policies cover the hidden damage at Longfellow Run including but not limited building paper, exterior sheathing, and framing at Longfellow Run.

   b.   No exclusions, conditions, or limitations bar coverage under the Longfellow Run Policies.

   c.   The loss or damage to the Longfellow Run complex was incremental and progressive. New damage commenced during each year of the Longfellow Run Policies.

   d.   As a result, the Longfellow Run Policies cover the cost of investigating and repairing the hidden damage at the Longfellow Run Condominium complex.

## VI.   SECOND CLAIM AGAINST ALLSTATE FOR BREACH OF CONTRACT

6.1   <u>Incorporation by Reference.</u> The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     Allstate has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Longfellow Run Condominium complex.

6.3     Allstate breached its contractual duties by denying coverage on April 18, 2019 and failing to pay the cost to repair the covered damage to the Longfellow Run Condominium Complex.

6.4     As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been damaged in an amount to be proven at trial.

6.5     <u>Additional Damages</u>. As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.   THIRD CLAIM AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith required Allstate to conduct a reasonable investigation before refusing to pay the claim submitted by the Association. Allstate must also have had a reasonable justification before refusing to pay the Association's claim.  An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Allstate failed to act in good faith because, among other things, Allstate's adjuster instructed its expert Ed Huston to change his opinion regarding the timing of damage in order to support Allstate's denial of the Association's claim; Allstate failed to acknowledge that weather

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, CPA VIOLATIONS,
IFCA VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

conditions such as rain or wind-driven rain were one of the causes of the hidden damage at Longfellow Run; and Allstate failed to acknowledge that the Court in *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, 2015 U.S. Dist. LEXIS 184729, *2 examined the same Allstate customizer policy at issue here and interpreted the policy in favor of coverage including to provide coverage for hidden damage from wind-driven rain. Instead, of acknowledging coverage, Allstate unreasonably denied coverage for any and all hidden damage at the Longfellow Run complex.  Allstate's self-serving denial did not comport with Washington law or the plain meaning of its own policy language, and put Allstate's financial interests ahead of the Association's to the Association's detriment.

7.5     In addition, a violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Allstate's conduct violated Washington claim handling standards:

- Which require Allstate to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Allstate to provide a reasonable explanation of the relevant facts, law and policy language and how its policy language supported a denial of the Association's claim.
- Which require Allstate to adopt and implement reasonable standards for the prompt investigation of claims.
- Which requires Allstate to not put its own financial interest ahead of the financial interests of its insured.

7.6     Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of

Allstate's duty of good faith. As a direct and proximate result of Allstate's breach of its duty of good faith, the Association has been damaged in an amount to be proven at trial.

### VIII. FOURTH CLAIM AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2   Violations of WAC claims handling standards are per se CPA violations. On information and belief, the conduct of Allstate was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Allstate's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

### IX. FIFTH CLAIM AGAINST ALLSTATE FOR IFCA VIOLATIONS

9.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference paragraphs 1.1 through 8.2, above, as if fully set forth herein.

9.2   The Association is a first party claimant asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of a contingency or loss covered by such a policy. Pursuant to IFCA, the Association provided written notice to Allstate of its IFCA cause of action and explained in detail why Allstate's coverage denial was unreasonable. Allstate failed to resolve the basis for the Association's IFCA claim within twenty (20) days of the Association's notice, and instead communicated to the Association that it would not cure its IFCA violations.

9.3   The Association has been injured by Allstate's failure to cure the basis for the Association's IFCA claim. The Association is entitled to attorneys' fees and a discretionary award of enhanced damages that "increases the total award of damages to an amount not to exceed three times the actual damage".

## X.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

10.1    <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Longfellow Run Policies provide coverage as described herein.

10.2    <u>Money Damages</u>. For money damages against the Longfellow Run Insurers in an amount to be proven at trial.

10.3    <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

10.4    <u>CPA Penalties</u>.  For CPA penalties against Allstate of up to $25,000 per violation.

10.5    <u>Enhanced IFCA Damages</u>. For a discretionary award of enhanced IFCA damages that "increase the total award of damages to an amount not to exceed three times the actual damage".

10.6    <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## XI.    DEMAND FOR JURY TRIAL

11.1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 5th day of June, 2019

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
Daniel J. Stein, WSBA #48739
/s/ *Justin D. Sudweeks*
Justin D. Sudweeks, WSBA #28755
/s/ *Jerry H. Stein*
Jerry H. Stein, WSBA #27721
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: dstein@condodefects.com
justin@condodefects.com
jstein@condodefects.com
Telephone: (206) 388-0660

*Attorneys for Plaintiff*